HARTZ, Circuit Judge,
joined by GORSUCH, Circuit Judge, dissenting from the denial of rehearing en banc:
I join Judge Moritz’s dissent. It is not disputed that shortly after Officer White approached the home, an' occupant fired two shots to ward off two of White’s fellow officers. I am unaware of any clearly established law that suggests, much less requires, that an officer in that circumstance who faces an occupant pointing a firearm in his direction must refrain from firing his weapon but, rather, must identify himself and shout a warning while pinned down, kneeling behind a rock wall, hoping that no one will be aiming in his direction when he decides to look around or move.[1] *719 Perhaps the Supreme Court can clarify the governing law.
I express no view on whether White’s fellow officers are entitled to qualified immunity on this record.

. The Supreme Court has "stressed that a court must judge the reasonableness of the force used from the perspective and with the knowledge of the defendant officer.” Kingsley v. Hendrickson, - U.S. -, 135 S.Ct. 2466, 2474, 192 L.Ed.2d 416 (2015) (internal quotation marks omitted). And “in addition to the deference officers receive on the underlying constitutional claim, qualified immunity . can apply in the event [a] mistaken belief was reasonable,” Saucier v. Katz, 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), whether the error was "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact,” Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (20Ó9) (internal quotation marks omitted). The reasonable beliefs of the victim are, of course, not the issue.